ABRAM LEFF AND SARAH LEFF, HIS WIFE, JOSEPHINE BRYSKI AND YETTA SENVILLE, PLAINTIFFS, v. SOPHIE LAFER, DEFENDANT.

Submitted January 31, 1930—Decided May 5, 1930.

Before Justices PARKER, BLACK and BODINE.

For the plaintiffs, *Aaron L. Simon.*

For the defendant, *John L. Ridley.*

PER CURIAM.

Plaintiff seeks to set aside a verdict of no cause of action rendered by a jury on October 8th, 1927. The defendant, Sophie Lafer, was contemplating a trip to Hammonton. The

trial judge left it to the jury to say whether the plaintiff Josephine Bryski was invited to ride by defendant. They resolved this in the negative. The sole question here is whether this finding was against the weight of the evidence. The plaintiff testified on direct examination that she was invited to go for a ride. She is corroborated by two other witnesses, who say that the defendant invited the plaintiff to go on this trip. They heard the invitation given.

The testimony of Abram Leff, as to the question of invitation, is as follows, that Sophie Lafer said to Josephine Bryski: "I want you to go along with me for that trip. I want you to go along with me." He then says on cross-examination that he heard her say to Josephine Bryski: "I am going to see somebody. You could come along with me." And then explains as follows: "You could go along on that trip. I have to pay some money."

We think irrespective of the precise language used, the preparation in advance for the trip, the visit to the plaintiff's house the night before, the statement that the trip was to be made, coupled with the statements "come go along with us" or "you can go along with us" indicate an intention to invite.

The rule will be made absolute.